980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey L. BEAGLE, II, Plaintiff-Appellant,
v.
Roger GOOCH; Barbara Nelson, Defendants-Appellees.
 No. 92-35304.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harvey Beagle, a Washington state prisoner, appeals following the district court's summary judgment dismissing his civil rights action. Beagle contends the district court erred by denying (1) Beagle's motion to amend his complaint, (2) his motion to consolidate this action with his other pending actions, and (3) his request for additional discovery prior to summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's actions for abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991) (denial of motion for leave to amend complaint); NLRB v. Yuba Natural Resources, Inc., 824 F.2d 706, 710 (9th Cir.1987) (denial of motion to consolidate); Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991) (denial of request for additional discovery prior to summary judgment). We affirm.
 
 
 3
 * Background
 
 
 4
 Beagle, who had been convicted of first degree incest, was paroled by the Indeterminate Sentence Review Board ("Board") on February 10, 1987. Community Corrections Officer Barbara Nelson charged Beagle with violating his parole. Following a hearing at which Deputy Roger Gooch testified, the Board revoked Beagle's parole.
 
 
 5
 Beagle filed a 42 U.S.C. § 1983 action against Nelson and Gooch, alleging they had violated his constitutional rights by conspiring "to create an incident, manufacture evidence and disregard the mandate of law." Gooch moved for summary judgment, and Beagle opposed. Nelson then moved for summary judgment. In response, Beagle moved to consolidate several cases or to amend his complaint to add defendants. Beagle then opposed Nelson's summary judgment motion.
 
 
 6
 The magistrate judge recommended that the district court deny Beagle's motion to amend and to consolidate and grant Gooch's and Nelson's motions for summary judgment. The district court adopted the magistrate judge's report and recommendation and granted summary judgment.[1]
 
 II
 Motion to Amend
 
 7
 Beagle contends the district court erred by denying his motion to amend his complaint to include additional claims. This contention lacks merit.
 
 
 8
 Fed.R.Civ.P. 15(a) states that leave to amend "shall be freely given when justice so requires." Valid reasons for denying leave to amend include undue delay, bad faith or dilatory motive, prejudice, and futility. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, Beagle's action had been litigated for 22 months before Beagle sought leave to amend his complaint to include additional defendants. The district court found that Gooch and Nelson, along with numerous defendants in other actions, had made efforts to resolve the disputes with Beagle, and, therfore, it would be inappropriate to allow Beagle to amend his complaint. Given these circumstances, the district court did not abuse its discretion by denying Beagle leave to amend. See id.; McGlinchy v. Shell Chemical Co., 845 F.2d 802, 809 (9th Cir.1988) (district court properly denies leave to amend where there is undue delay or prejudice to opposing party).
 
 III
 Motion to Consolidate
 
 9
 Beagle contends the district court erred by denying his motion to consolidate this civil rights action with other cases he had filed. This contention lacks merit.
 
 
 10
 The district court found that Beagle's litigation difficulties "were largely brought upon himself due to his election to file numerous and piecemeal complaints challenging a range of vague conspiratorial actions." The district court noted that it would be "inappropriate ... to save [Beagle] from the litigation morass he has played a large part in forming." Given these circumstances, the district court did not abuse its discretion by denying Beagle's motion to consolidate. See Yuba Natural Resources, 824 F.2d at 710.
 
 IV
 Discovery
 
 11
 Beagle contends the district court erred by granting summary judgment prior to the completion of Beagle's discovery. This contention lacks merit.
 
 
 12
 Pursuant to Rule 56(f), a district court may grant a continuance when a party opposing a summary judgment motion desires additional discovery. See Harris, 940 F.2d at 1276. The party seeking the additional discovery bears the burden of demonstrating the specific facts it hopes to discover that will raise a genuine issue of material fact. Id.
 
 
 13
 In his response to Nelson's summary judgment motion, Beagle failed to identify which pieces of evidence he desired and how they would raise a material issue of fact. Thus, Beagle failed to meet his burden under Rule 56(f). Therefore, the district court did not err by granting summary judgment without allowing further discovery. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Beagle does not appeal the merits of the summary judgment in favor of Gooch and Nelson