12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SANDOZ, LTD., Master Builders, Inc., Plaintiff-Appellant,
v.
OMWARE, INC., Defendant-Appellee.
 No. 92-15783.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Dec. 15, 1993.
 
 Before: TANG, TROTT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sandoz, Ltd. sued Omware, Inc. for trademark infringement and unfair competition. The district court granted Omware's motion for summary judgment and denied Sandoz' Rule 56(f) motion to continue discovery. Sandoz appeals.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the relevant substantive law."[1] Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). We have carefully reviewed the record and conclude appellant has presented sufficient evidence to show that likelihood of confusion is a genuine issue of material fact.
 
 
 4
 In particular, the district court erred by concluding that Sandoz' mark was weak and "merely suggestive of quality." Dist.Ct.Op. at 3. Appellants provided evidence of incontestability. See 15 U.S.C. Sec. 1065 (1988). While "incontestable status does not alone establish a strong mark," Miss World (UK) Ltd. v. Mrs. America Pageants, 856 F.2d 1445, 1449 (9th Cir.1988), the MASTER BUILDERS mark is supported by other indicia of strength. The "needs/imagination" test suggests MASTER BUILDERS is not a weak mark because a consumer would have to use a lot of imagination to associate MASTER BUILDERS with appellant's products, and competitors do not need to use the mark to identify their goods or services. See id. Further, there is no evidence that MASTER BUILDERS is "hemmed in on all sides by similar marks on similar goods," id., because Omware's "informal survey" should not have been admitted nor relied upon by the district court. See infra. Finally, appellants have presented evidence of extensive advertising and long use, which may strengthen a suggestive or descriptive mark. See Accuride Int'l, Inc. v. Accuride Corp., 871 F.2d 1531, 1536 (9th Cir.1989); Century 21, 846 F.2d at 1179. Viewing this evidence in a light most favorable to Sandoz, we conclude that the strength of the MASTER BUILDERS mark is, at the least, a genuine issue of material fact. The district court improperly applied the substantive law. It concluded there was no likelihood of confusion because "[n]o buyer would mistakenly 'consume' grouting admixtures in lieu of computer software." Dist.Ct.Op. at 5. However, the issue is not whether consumers are likely to confuse the products, but whether consumers are likely to confuse the source of the products. See E & J Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1291 (9th Cir.1992); Miss World, 856 F.2d at 1451.
 
 
 5
 The district court also improperly considered Omware's "informal survey." Regardless of how this evidence is classified, it is hearsay. See Fed.R.Evid. 801(c). Although the Ninth Circuit has recognized that "[s]urveys conducted according to accepted principles are routinely admitted," Prudential Ins. Co. v. Gibraltar Fin. Corp., 694 F.2d 1150, 1156 (9th Cir.), cert. denied, 463 U.S. 1208 (1983), this survey was not conducted in accordance with such principles. The survey was not independently conducted by an expert to ensure trustworthiness, see, e.g., Brunswick Corp. v. Spinit Reel Co., 832 F.2d 513, 522-23 (10th Cir.1987), Pittsburg Press Club v. United States, 579 F.2d 751, 758-59 (3d Cir.1978), but by a paralegal employed by Omware's counsel, who was aware of the litigation. The district court erred in admitting and relying on the survey.
 
 
 6
 In considering Omware's motion for summary judgment, the district court did not view the evidence in a light most favorable to the nonmoving party. If it had done so, the court would not have used the survey as evidence that the "Master Builders" mark was a weak mark. See Dist.Ct.Op. at 3. Further, it would have taken into consideration Sandoz' evidence that "Master Builders" was a registered mark and therefore a descriptive mark with secondary meaning. See Park N' Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 205 (1985).
 
 
 7
 Appellant argues the district court erred by denying its Rule 56(f) motion. A district court's refusal to permit further discovery pursuant to Federal Rule of Civil Procedure 56(f) is reviewed for abuse of discretion. Harris v. Duty Free Shoppers Ltd., 940 F.2d 1272, 1276 (9th Cir.1991).
 
 
 8
 The cases construing Rule 56(f) suggest that the denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. Summary denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests.
 
 
 9
 Visa Int'l Serv. v. Bankcard Holders, 784 F.2d 1472, 1475 (9th Cir.1986). Although appellant stipulated that appellants would not conduct or take any formal discovery until after the hearing on the summary judgment motion, appellant did so without prejudice. Stip'n to Order re Enlarg. Time & Disc. Matters p 3. The district court abused its discretion by denying Sandoz' Rule 56(f) motion.
 
 
 10
 We REVERSE and REMAND for further proceedings consistent with this order.[2]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although the Ninth Circuit spoke of a mixed de novo/clearly erroneous standard in Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1179-80 (9th Cir.1977), we conclude that the reference to that standard was an aberration. A district court does not make findings of fact when it grants summary judgment; therefore, the only appropriate standard is de novo review as Century 21 itself recognized. Id. at 1178
 
 
 [2]
 Appellee is not entitled to receive costs or attorneys fees pursuant to 28 U.S.C. Sec. 1912 (1988), nor Fed.R.App.P. 38