**Peter HARRIS, Plaintiff–Appellant,**

v.

**DUTY FREE SHOPPERS LIMITED PARTNERSHIP, Defendant-Appellee.**

No. 89–15952.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1990.

Decided Aug. 2, 1991.

---

James J. Duryea, San Francisco, Cal., for plaintiff-appellant.

Jay N. Fastow, Weil, Gotshal & Manges, New York City, Gary L. Halling, Broad, Schulz, Larson & Wineberg, San Francisco, Cal., for defendant-appellee.

Before SNEED, SCHROEDER and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Peter Harris sued Duty Free Shoppers under section 2(c) of the Robinson–Patman Act,[1] 15 U.S.C. § 13(c), and under the Cali-

---

1. Section 2(c) reads:

Payment or acceptance of commission, brokerage or other compensation

It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an

fornia unfair competition statutes.[2] The district court granted Duty Free's motion for summary judgment. Harris appeals. In addition to challenging the merits of the district court's ruling, Harris contends that the court erred by denying his application for further discovery prior to granting summary judgment.

We affirm the decision of the district court.

## FACTS

Duty Free Shoppers operates a duty free store in downtown San Francisco which caters especially to Japanese tourists. Harris operates a competing store.

Duty Free pays lump sum amounts and commissions to tour companies and to tour guides to promote Duty Free's downtown shop by scheduling stops of tour buses at the store, supplying Duty Free with advance information about the number and characteristics of the tour group that will be stopping at the store, distributing promotional materials to the tourists, assisting the tourists in ordering items, and explaining the regulations covering duty free merchandise to the tourists.

The tourists are not required to buy from Duty Free. They can and do purchase goods from other stores. Duty Free does not tell the tourists that are brought to its shop that it is paying the tour operators and guides to bring them to the store. The payments that Duty Free makes to the tour companies and guides are less than Duty Free would have to spend to gain the same promotional effect with other promotional devices.

Such payments to travel companies by hotels, airlines and others are regularly made. Harris had been aware for some time that sales commissions had been paid by retailers to tour operators. Harris, however, does not engage in this practice.

## ANALYSIS

### I.

#### The Robinson–Patman Claim

■ Section 2(c) of the Robinson–Patman amendment to the Clayton Act encompasses cases of commercial bribery tending to undermine the fiduciary relationship between a buyer and its agent, representative, or other intermediary in a transaction involving the sale or purchase of goods.[3] *Rangen, Inc. v. Sterling Nelson & Sons*, 351 F.2d 851, 858 (9th Cir.1965), *cert. denied*, 383 U.S. 936, 86 S.Ct. 1067, 15 L.Ed.2d 853 (1966). In order to take advantage of this provision, Harris contends that tour guides and tour operators owe a fiduciary duty to tourist passengers. Harris asserts that the tour guides involved here breached that duty by accepting payments from Duty Free for bringing tourists to Duty Free's shop. Harris does not assert that the tourists should recover for any injuries, but rather that he, a competitor of Duty Free, is entitled to recover loss of business.[4]

Harris relies on *McCollum v. Friendly Hills Travel Center*, 172 Cal.App.3d 83, 217 Cal.Rptr. 919 (1985), to support a finding that a fiduciary relationship exists between tourists and tour guides. However, we find that the facts of this case are easily distinguished from those in *McCollum*. In *McCollum*, the physically injured traveler sued the travel agent that had arranged his trip and had vouched for the excellent condition of certain sporting equipment. Relying on this commendation,

---

agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid.

**2.** Harris also alleged violations of the Sherman Act and the California unfair practices statutes, but does not urge these claims on appeal.

**3.** Section 2(c) was originally enacted to prohibit price discrimination through rebates described as brokerage. Section 2(c), however, now has a broader purpose and can be read to prohibit commercial bribery where a fiduciary relationship exists.

**4.** Duty Free understandably argues that Harris has not suffered any antitrust injury. Our disposition makes it unnecessary to address this argument.

the traveler used the not-so-excellent gear and suffered injuries as a result of the defective equipment. The court in *McCollum* held that a travel *agent* who acts as more than a mere "ticket agent" by arranging vacation plans is a special agent of the traveler for the purposes of that one transaction between the parties. *Id.* at 91, 217 Cal.Rptr. at 923. As a special agent, the travel agent owed his client a fiduciary duty. The holding in *McCollum* has a very narrow application; *McCollum* does not address whether a tour guide and operator owe a tourist passenger a fiduciary duty, or whether a competing retailer, rather than the tourist, can sue as the injured party.

Harris relies also on one of this court's cases, *Rangen, Inc. v. Sterling Nelson & Sons,* 351 F.2d 851 (9th Cir.1965), *cert. denied,* 383 U.S. 936, 86 S.Ct. 1067, 15 L.Ed.2d 853 (1966), to support his argument that a fiduciary duty between tour guides and tourists exists in this case. But *Rangen* offers Harris no more help than did *McCollum.* In *Rangen,* the state regularly purchased fish food. A fish-food supplier paid a state government employee "bribes" over a number of years to ensure that it would receive the exclusive contract to provide all the government's fish-food needs. The employee was not the sole state decision maker, but was instrumental in influencing the ultimate decision makers. In addressing whether the payments involved were made to a party to the transaction or to someone connected with that party in an agency, and thus fiduciary relationship, we stated that "[r]eference must be made to the transactions in question to determine whether or not the necessary relationship exists." *Id.* at 862. In scrutinizing relationship of the employee to the purchase transaction, we found important the employment relationship and the fact that the employee was a fish nutrition expert to be important factors because they permitted the employee to influence the

purchase decision. We also noted that the employee who accepted the "bribe" was "at all times subject to the control of his employer." *Id.* On these facts, we held that the state, as employer, and the employee were in a fiduciary relationship. *Id.*

■ The facts of this case contrast sharply with those in *Rangen:* the tour guides and tourists are not in an employment relationship; the tour guides are not shopping "experts;" and they are not "at all times subject to the control" of the tourists. Moreover, the tourists are free to purchase their souvenirs and gift items anywhere; in fact, they are free not to purchase at all. On these facts, we hold that tour guides and tour operators are not in an agency or fiduciary relationship with their passengers, nor do they serve as intermediaries "subject to the direct or indirect control" of those passengers, with regard to the transactions in question—the purchase of Duty Free's retail goods. Consequently Duty Free's payments to them simply do not fall within the explicit terms of section 2(c).[5]

We find the district court's observation in *Hennegan v. Pacifico Creative Serv., Inc.,* 674 F.Supp. 303 (D.Guam 1987), relevant here. The court, facing the same issues on similar facts to those we face today, stated:

> Antitrust laws were not intended to undermine free enterprise. They were intended to ensure that businesses start out on a fair footing. The Hennegans acknowledge that the tour bus operators would bring tour groups to the Hennegans' stand if they were to pay for this service. This Court will not order defendant tour bus operators to render for free services for which it is being paid by other enterprises.

*Id.* at 306. Similarly, Harris is free to contract with tour bus operators to bring passengers to his shop. We decline to decide that this service must be rendered

5. Because we conclude that Duty Free's payments to a tour operator or tour guide are not payments to "an agent, representative, or other intermediary ... acting for or ... subject to the direct or indirect control" of the passengers

with regard to their retail purchases from Duty Free, we need not address the question whether those payments fall within the exception for compensation for services rendered.

either to Duty Free or to Harris free of charge. Harris' Robinson–Patman claim fails.

## II.

### Unfair Competition Claim

Harris brought a pendent state claim under section 17200 of California's Business and Professions Code.[6] Section 17200 provides: "... unfair competition shall mean and include unlawful, unfair or fraudulent business practice...." Cal.Bus. & Prof. Code § 17200. Harris alleges that, for the same reasons that Duty Free's payments to tour guides are illegal under the Robinson–Patman amendment, they are violations of section 17200. Harris' argument is based on the subversion of an agency relationship. We have held, however, that Duty Free's payments do not subvert an agency relationship; they therefore cannot form the basis for the unfair competition claim that Harris asserts under section 17200. Harris' pendent state claim fails.

## III.

### Discovery Claim

 Even though Harris stipulated to the facts upon which the district court based its decision, he now claims that the district court erred in denying his request for further discovery before granting summary judgment in favor of Duty Free. We review for an abuse of discretion the district court's refusal to permit further discovery before ruling on a motion for summary judgment. *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir.1989).

Federal Rule of Civil Procedure 56(f) allows a district court to grant a continuance when a party opposing summary judgment wishes to conduct further discovery. Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. *Continental Maritime v. Pacific*

6. Harris has abandoned his claims under Cal. Bus. & Prof.Code §§ 17045 and 17048 and cannot now raise them. *See Northwest Acceptance*

*Coast Metal Trades*, 817 F.2d 1391, 1395 (9th Cir.1987). Harris failed to meet this burden.

Harris hoped to discover whether the tour guides' services were available to competitors of Duty Free on like terms and conditions, whether tour guides are agents of the tourists, whether the value of the tour guides' services correspond to the payments, and whether the payments were secret. Here the crucial issue was whether the tour guides are agents of the tourists such that they owe a fiduciary duty. Harris failed to show how any facts beyond those to which he stipulated would alter the determination that the tour guides do not owe their passengers a fiduciary duty in connection with shopping. The value of the tour guides' services and the secrecy of Duty Free's payments are not relevant issues in a Robinson–Patman claim. And evidently the services offered by the tour guides are available to competitors of Duty Free; Harris conceded that other competitors besides Duty Free do pay commissions for similar services, but that he did not do so.

The district court did not abuse its discretion in denying Harris's request for further discovery.

AFFIRMED.

*Corp. v. Lynnwood Equip.*, 841 F.2d 918, 924 (9th Cir.1988); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1332 (9th Cir.1981).