978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jacob MARTIN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-15518.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1992.*
Decided Oct. 29, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jacob Martin, a federal prisoner, appeals pro se the district court's summary judgment in favor of the United States in Martin's action under the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671-80. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 The FTCA constitutes a limited waiver of sovereign immunity and permits the United States to be sued for the negligence of its employees. Letnes v. United States, 820 F.2d 1517, 1518 (9th Cir.1987). " 'Employee of the government' includes officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty ..., and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. The United States may be sued for the actions of a government contractor and its employees if the government has the authority 'to control the detailed physical performance of the contractor' and supervise its 'day-to-day operations.' Letnes, 820 F.2d at 1518 (quoting Logue v. United States, 412 U.S. 521, 528 (1973)). The United States is not liable, however, for the negligence of the employees of an independent contractor with the government. Logue, 412 U.S. at 531-32.
 
 
 4
 Here, Martin was a federal prisoner housed temporarily at the Reeves County Law Enforcement Center (RCLEC) pursuant to a contract between the United States Marshal's Service and RCLEC. Martin alleged that during a lockdown, an employee of RCLEC confiscated Martin's tennis shoes and failed to return them. After exhausting his administrative remedies, Martin filed this action pursuant to the FTCA naming RCLEC and the United States as defendants. The district court dismissed RCLEC from the action on the ground that it was not a proper defendant in an FTCA action. The district court granted summary judgment in favor of the United States on the ground that the United States was not liable for the negligence of RCLEC employees.
 
 
 5
 The district court properly dismissed RCLEC from Martin's action. Martin brought this action pursuant to the FTCA, and the United States is the only proper defendant in an FTCA action. See 28 U.S.C. § 2674.
 
 
 6
 The district court also properly granted summary judgment in favor of the United States. In its motion for summary judgment, the United States submitted a copy of its contract with RCLEC. The contract shows that the United States Marshal's Service is not responsible for the day-to-day operations of RCLEC. Thus, the district court correctly concluded that RCLEC is an independent contractor, and the United States cannot be held liable for the negligence of RCLEC employees pursuant to the FTCA. See Letnes, 820 F.2d at 1518-19. Further, Martin did not properly allege any negligence on the part of the United States Marshal's Service. See Logue, 412 U.S. at 532-33.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martin also contends that the district court erred by denying his motion for discovery and his motion for reconsideration. The district court properly denied Martin's request for disovery while summary judgment was pending because Martin failed to show what specific evidence he sought to discover that could raise a triable issue of fact regarding the United States' liability for the negligence of RCLEC. See Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). The district court did not abuse its discretion by denying reconsideration because Martin failed to show a proper ground for reconsideration. See Backlund v. Barhnart, 778 F.2d 1386, 1388 (9th Cir.1985)