996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin L. ANDERSON, Plaintiff-Appellant,
v.
LOMA LINDA COMMUNITY HOSPITAL, Loma Linda University Medical
Center, Defendants-Appellees.
 No. 91-56331.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 16, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benjamin L. Anderson sued his hospital/employer under Title VII and federal civil rights statutes, alleging racial and religious discrimination and unlawful retaliation. He now appeals the district court's grant of summary judgment in favor of the defendants. We affirm the district court.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In 1974 Loma Linda Community Hospital (LLCH), a Seventh Day Adventist hospital, hired Anderson, who is black, as Director of the Respiratory Therapy Department. He worked uneventfully in that position until mid-1987, when Anderson's superiors began receiving complaints about his behavior from his subordinates--Anderson was threatening to terminate his employees for spreading rumors about him and talking behind his back. In September 1988, Anderson took a one month voluntary leave of absence for medical reasons, including stress. Upon Anderson's return, his boss asked him for a release of his medical records in accordance with LLCH policy so that a LLCH-designated physician could determine whether he was able to return to work. Anderson first refused, but eventually relented; the designated psychiatrist determined that Anderson was not psychiatrically able to return to work. Anderson was placed on involuntary medical leave of absence for three months.
 
 
 4
 While Anderson was on leave, LLCH hired a consulting firm to review the staffing needs of the Respiratory Services Department. As a result, LLCH closed its Respiratory Services Department and began using Loma Linda University Medical Center (LLUMC) to provide respiratory services to LLCH patients. This downsizing was part of a trend--LLCH had already subcontracted its dietary, pharmacy, and chaplain services to LLUMC. LLCH terminated all employees of its Respiratory Services Department, including Anderson, and advised them that they could apply for positions at LLUMC. Anderson applied for the position of Respiratory Care Supervisor, however, LLUMC already had five respiratory therapy supervisors. Hence, no vacancy existed at LLUMC for a supervisory position in respiratory services, and Anderson was not hired.
 
 
 5
 Anderson sued under Title VII, 42 U.S.C. §§ 1981, 1983 and 1985(3), and state law theories, challenging his termination by LLCH and his subsequent failure to obtain employment with LLUMC. He contended he was discriminated against both because of his race (black) and his religion (not Seventh Day Adventist). He also claimed that the defendant hospitals harassed and spied on him through satellite microwaves.[1]
 
 
 6
 The district court dismissed with prejudice his Title VII claim of religious discrimination, his 42 U.S.C. §§ 1981, 1983, and 1985(3) claims, and some of his state law claims under Fed.R.Civ.P. 12(b)(6). It refused jurisdiction over the remaining state law claims. Anderson proceeded solely on one cause of action--race discrimination under Title VII; the district court subsequently granted summary judgment in favor of the defendants on this claim. Anderson now appeals the 12(b)(6) dismissals of the section 1985(3) and the Title VII religious discrimination claims, the grant of summary judgment for both defendants, and the denial of his motion to reopen discovery.[2]
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 7
 The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3). We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is also reviewed de novo. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc). A district court's refusal to permit further discovery is reviewed for abuse of discretion. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991).
 
 III.
 DISCUSSION
 
 8
 A. The section 1985(3) claim is time barred.
 
 
 9
 Claims brought pursuant to section 1985(3) are governed by the state statute of limitations that applies to personal injury actions--in this case, Cal.Civ.Proc.Code § 340(3), a one year statute of limitations. McDougal v. County of Imperial, 942 F.2d 668, 673-674 (9th Cir.1991). Anderson's last day of work was February 15, 1989. He filed his complaint on March 26, 1990--thus, this claim is time barred.
 
 
 10
 B. Defendants are statutorily exempt from Title VII liability for religious discrimination.
 
 
 11
 The defendant hospitals are both religious corporations, and thus are exempt from the Title VII prohibition against religious discrimination. 42 U.S.C. § 2000e-1. The district court did not err in dismissing the Title VII religious discrimination claim.
 
 
 12
 C. The district court did not err in refusing to reopen discovery.
 
 
 13
 The district court extended the discovery deadline once, yet the plaintiff asked the court to reopen discovery one week after the second deadline had passed because he hadn't gotten a copy of his deposition, his case was complex, and the defendants purportedly had not responded to his discovery requests.[3] It's "significantly" harder to reopen discovery once it's closed than to extend a discovery deadline. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir.1990). The district court did not abuse its discretion when it refused to reopen discovery.
 
 
 14
 D. Title VII race discrimination claim.
 
 
 15
 Title VII prohibits racial discrimination in the "terms, conditions, or privileges of employment." However, to be actionable, racial harassment must be "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986). The district court found that Anderson only submitted evidence of "five arguably 'racial' comments."[4] These comments were not "sufficiently severe or pervasive" to constitute racial harassment.
 
 
 16
 Anderson did not establish a prima facie case of race discrimination regarding his suspension and termination from LLCH. In order to succeed on a discriminatory termination claim, one must show, among other things, that after the employer terminated him, it sought a replacement with qualifications similar to his own. Pejic v. Hughes Helicopters, 840 F.2d 667, 672 (9th Cir.1988). The plaintiff stumbles here--all the LLCH respiratory therapy jobs were eliminated in a downsizing move. LLCH sought no replacements.
 
 
 17
 Similarly, the plaintiff failed to make out a case of discriminatory failure to hire against LLUMC, which requires, among other things that: 1) the plaintiff applied for a job for which the employer was seeking applicants, and 2) after his rejection, the position remained open and the employer continued to seek applicants. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In this case, no new supervisors were sought at LLUMC--either at the time Anderson applied or after he was rejected.
 
 
 18
 Finally, Anderson failed to prove his unlawful retaliation claim--that LLUMC did not hire him because he filed an EEOC charge against LLCH. This claim fails because the plaintiff did not show a causal link between LLUMC's decision not to hire him and Anderson's filing the EEOC charge against LLCH. E.E.O.C. v. Hacienda Hotel, 881 F.2d 1504, 1513-1514 (9th Cir.1989) (setting out test for Title VII retaliation claim). Anderson only applied for a supervisory position at LLUMC; when he applied, LLUMC already employed five supervisors in its respiratory group--there were no vacancies.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Anderson contends that his subsequent employer, Cedars-Sinai Medical Center, also harassed him through its satellite microwave transmissions
 
 
 [2]
 The plaintiff has made at least eight supplemental filings since April 2, 1992, the date he filed his reply brief. We decline to consider these submissions
 
 
 [3]
 The plaintiff propounded six sets of production requests, two sets of interrogatories, and he took one deposition
 
 
 [4]
 The only evidence came from Anderson's deposition testimony. Four of the five comments were about Anderson's hairstyle. The fifth was about his physique--"The way that Ben's bottom sticks out they will be able to make a female out of him."