996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert W. KUEBLER, Sr., Plaintiff-Appellant,
v.
Glenda ORDELHEIDE; Sheila Sebree; Jim W. Rogers; Ira J.
Victor, Defendants-Appellees.
 No. 92-55622.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 1
 Before: CANBY, FERNANDEZ, and T.G. NELSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert W. Kuebler, an attorney, appeals pro se the district court's grant of Glenda Ordelheide's motion for summary judgment and Sheila Sebree's motion to dismiss Kuebler's action seeking to attack collaterally a Colorado state court default judgment against him for securities fraud and breach of fiduciary duty. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]
 
 
 4
 * Summary Judgment
 
 
 5
 Kuebler contends that the district court erred by granting the defendants' summary judgment motion and dismissing his action on the basis of res judicata. This contention lacks merit.
 
 
 6
 We review the district court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any issues of material fact and whether the district court correctly applied the substantive law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 7
 A California state court judgment is entitled to the same preclusive effect in federal district court as it would be accorded in a California court. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 83 (1984); Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist., 750 F.2d 731, 736 (9th Cir.1984), cert. denied, 474 U.S. 919 (1985). In California, res judicata precludes the maintenance of a second suit between the same parties on the same cause of action if the first suit concluded in a final judgment on the merits. Los Angeles Branch NAACP, 750 F.2d at 737. "All issues that were litigated or that might have been litigated as part of the cause of action are barred." Id. (citations omitted).
 
 
 8
 On August 15, 1986 Ordelheide and Sebree sued Kuebler in the Colorado State Court alleging breach of fiduciary duty, fraud, misrepresentation, and violation of securities laws. In that action a default judgment was entered against Kuebler in Colorado on January 23, 1989. On June 28, 1989, the Colorado judgment was entered as a sister state judgment in the California Superior court. On December 6, 1989, Kuebler filed a motion with the California Superior Court to vacate the sister state judgment alleging that Ordelheide and Sebree obtained the default judgment fraudulently and that Kuebler did not receive proper notice of the action against him in Colorado. This motion was denied by the San Diego Superior Court on January 8, 1990. On June 12, 1992, the California Court of Appeals affirmed the decision of the San Diego Superior Court.
 
 
 9
 On January 22, 1991 Kuebler filed the present action in district court against the same parties alleging the same theories advanced in the previous state court actions. Kuebler seeks essentially to relitigate his state court claims in federal court. The present action arose out of the same set of facts as did the state court action and the parties are the same. Thus, the state court judgment bars relitigation of the facts in federal court. See id. Accordingly, the district court did not err by granting Ordelheide's motion for summary judgment and Sebree's motion to dismiss.
 
 II
 Discovery
 
 10
 Kuebler contends that the district court violated his right to due process by denying his motions for additional discovery and for an extension of time to file an amended opposition to the defendants' summary judgment motion. These contentions lack merit.
 
 
 11
 A district court's discovery rulings are reviewed for an abuse of discretion. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990).
 
 
 12
 Under Fed.R.Civ.P. 56(f), a district court may grant a continuance when a party opposing a summary judgment motion desires additional discovery. See Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). The party seeking the additional discovery bears the burden of demonstrating the specific facts it hopes to discover that will raise a genuine issue of material fact. Id. Nevertheless, where additional discovery will not affect a district court's ruling on the merits, denying that discovery is not an abuse of discretion. Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1181 (9th Cir.1988).
 
 
 13
 Here Kuebler, failed to produce any new facts that would raise a genuine issue of material fact. See id. Accordingly, the district court did not err by denying Kuebler's motion for additional discovery or for an extension of time. See id.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court's order did not dispose of all claims as to all parties, the district court certified the matter for appeal pursuant to Fed.R.Civ.P. 54(b)