15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vathsala SRINIVASAN, Plaintiff-Appellant,
v.
EL MONTE UNION HIGH SCHOOL DISTRICT, Defendant-Appellee.
 No. 92-56227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 8, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Petitioner Vathsala Srinivasan appeals the District Court's order granting summary judgment in favor of Respondent El Monte Union High School District. Srinivasan alleges that the school district engaged in employment discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e et seq., when it denied Srinivasan a permanent teaching position. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 Vathsala Srinivasan, who is of East Indian descent, holds a degree in Mathematics. She was employed as a substitute teacher for the El Monte Union High School District ("El Monte") for more than ninety-seven days at five different high schools between October 1988 and May 1989. On March 29, 1989 Srinivasan applied for a permanent teaching position with El Monte. Srinivasan received a letter from El Monte on July 27, 1992, informing her that she did not meet the standards necessary for permanent employment based on her record as a substitute teacher.
 
 
 4
 Srinivasan then wrote to Mr. Sandell, the Assistant Superintendent of Personnel for El Monte, requesting information regarding her past teaching performance and any reasons for her not meeting hiring requirements. When Sandell refused to provide this information, Srinivasan filed a charge with the Equal Employment Opportunity Commission ("E.E.O.C.") alleging discrimination based on her national origin. The E.E.O.C.'s investigation revealed no discrimination by El Monte.
 
 
 5
 Srinivasan then filed a complaint in district court on August 21, 1991, which alleges that El Monte refused to hire her as either a full-time teacher or substitute teacher because of her national origin. Further, Srinivasan alleges that El Monte engaged in retaliatory discrimination because of her filing with the E.E.O.C. by precluding or diminishing her future employment with Rowland Unified School District ("Rowland").
 
 
 6
 El Monte contends that its decision not to hire Srinivasan was based on her poor performance. Four of the high school principals for whom Srinivasan worked as a substitute teacher requested that she never return to their schools, and the fifth principal indicated that he would not accept her services except in a dire emergency. Further, negative statements were made by school district administrators who had knowledge of Srinivasan's teaching in the district. In addition, El Monte offered evidence of statements of Srinivasan's past counsel who had knowledge of her personality traits, as well as Srinivasan's deposition, which was taken by El Monte, questioning her about the events prior to her termination and her theories regarding El Monte's motives.
 
 
 7
 The District Court granted summary judgment in favor of El Monte on two grounds. First, the District Court found Srinivasan's retaliation claim deficient as a matter of law because El Monte was not Srinivasan's employer at the time the alleged events occurred. The person asserting the claim of retaliatory discrimination must be currently employed by the party against whom the claim is made. This issue has not been raised on appeal. Further, the District Court found that, although Srinivasan established a prima facie case of employment discrimination, El Monte met its burden of presenting sufficient and proper reasons for its refusal or failure to hire Srinivasan. Thus, the District Court determined that summary judgment was proper because Srinivasan failed to prove that El Monte's actions amounted to a discriminatory violation under Title VII.
 
 ANALYSIS
 
 8
 We review the District Court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1993). Specifically, we must determine, viewing the evidence in the light most favorable to the non-moving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992).
 
 I. DENIAL OF FURTHER DISCOVERY
 
 9
 Srinivasan first contends that the District Court improperly granted summary judgment because the court did not allow for adequate discovery. We review the district court's decision not to permit further discovery for abuse of discretion. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). We will find such abuse only if the movant diligently pursued his previous discovery opportunities, and if the movant can show how allowing additional discovery, under Fed.R.Civ.P. 56(f), would have precluded summary judgment. California Union Ins. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990).
 
 
 10
 Srinivasan argues that the District Court erred in denying her motion for a continuance to engage in further discovery under Fed.R.Civ.P. 56(f) because she needed additional information to adequately defend El Monte's summary judgment motion. Further, Srinivasan argues that the District Court erred in denying her motion because she met the bare requirements of the Rule.
 
 
 11
 On August 13, 1992 Srinivasan filed her motion under Fed.R.Civ.P. 56(f) requesting additional time for discovery.[1] In addition, Srinivasan also filed a motion requesting permission to serve El Monte with a second set of requests for production of documents and two sets of special interrogatories. Srinivasan stated that she needed the additional time to respond to and contest twenty-two separate alleged uncontroverted facts raised in El Monte's motion for summary judgment. Further, she stated that El Monte had not yet responded to her previous discovery request for interrogatories and for production of documents.
 
 
 12
 The District Court granted El Monte's motion for summary judgment on September 4, 1992. Srinivasan asserts that the District Court's extension of discovery from August 1, 1992 until October 1, 1992 required El Monte to respond to her discovery requests before summary judgment could be considered by the District Court.
 
 
 13
 Fed.R.Civ.P. 56(f) states: "the court ... may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
 
 
 14
 We reject Srinivasan's contentions. First, Fed.R.Civ.P. 56(f) is discretionary. The court is not required to grant all motions made under the rule where the movant has arguably satisfied the rule's bare requirements. Thus, it was within the District Court's scope of authority to grant or deny Srinivasan's request for relief.
 
 
 15
 Moreover, we find that the District Court did not abuse its discretion in denying Srinivasan's motion because she failed to adequately use the time for discovery already granted by the court. Srinivasan had over eleven months to conduct discovery. During that time, which included one continuance, she sent a request for the production of documents and two sets of interrogatories. El Monte's responses to these requests were adequate and timely made. This is evidenced by Srinivasan's presentation to the District Court by way of her opposition to the motion for summary judgment of hundreds of pages of exhibits which she received from El Monte. Srinivasan then requested no further discovery until she sent the two additional sets of interrogatories and a second notice to produce documents on July 31, 1992, the final day of the discovery period, which was two months after the District Court granted Srinivasan's first continuance for additional discovery.
 
 
 16
 In sum, Srinivasan's conduct does not indicate her diligent use of the additional time she had already been granted. The District Court denied both of Srinivasan's motions for failure to show good cause, finding that she failed to make the particularized showing required under Fed.R.Civ.P. 56(f). We find no abuse in the District Court's granting summary judgment in favor of El Monte.
 
 II. SUFFICIENCY OF EVIDENCE
 
 17
 Srinivasan next argues that the District Court erred because there was insufficient evidence to support El Monte's motion for summary judgment. To establish a prima facie case of intentional discrimination sufficient to survive a motion for summary judgment, Srinivasan must identify actions by El Monte that, if unexplained, would give rise to an inference of discriminatory conduct. Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1459 (9th Cir.1985), cert denied, 475 U.S. 1048 (1986), overruled on other grounds by, Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262 (9th Cir.1991). Srinivasan need only provide facts which, if believed, could generate the inference that she was probably denied employment as a full-time teacher because El Monte discriminatingly applied age or national origin criteria in its decision to deny her a permanent position. Foster, 772 F.2d at 1459. Once a prima facie case is established, the burden then shifts to the defendant to articulate a legitimate non-discriminatory reason for its decision. Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1436 (9th Cir.1990) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).
 
 
 18
 We find that El Monte provided adequate evidence to the District Court of non-discriminatory reasons for refusing to hire Srinivasan. Four of the high school principals for whom Srinivasan worked as a substitute teacher requested that she never return to their schools, and the fifth principal indicated that he would not accept her services except in a dire emergency. Further, Srinivasan's performance was criticized by school district administrators who had knowledge of her teaching history in the district. In addition, El Monte offered evidence of statements of Srinivasan's past counsel who had knowledge of her personality traits, as well as Srinivasan's deposition, which was taken by El Monte, questioning her about the events prior to her termination and her theories regarding El Monte's motives.
 
 
 19
 As noted above, once El Monte articulated legitimate reasons for its decision, the burden shifted back to Srinivasan to demonstrate that El Monte's reason for the adverse employment decision was a pretext for a discriminatory motive. Merrick, 892 F.2d at 1436-37 (quoting Lowe v. City of Monrovia, 775 F.2d 1005 (9th Cir.1985), amended by 784 F.2d 1407 (9th Cir.1986)). "A plaintiff can show pretext in two ways, either (1) directly by persuading the court that a discriminatory reason more likely motivated the employer, or (2) indirectly by showing that the employer's proffered explanation is unworthy of credence." Id. at 1437.
 
 
 20
 Srinivasan contends that she is more qualified for the position than subsequently hired teachers. Further, she argues that positive evaluations of her teaching would properly counter balance the poor evaluations which El Monte identified. Srinivasan concludes that if there were any positive teaching evaluations, El Monte's discrimination against her would be properly established. El Monte contends that they were following their policy and within their rights by relying on only their staff contributory evaluations regarding Srinivasan's past teaching performances, rather than on seeking all possible sources for evaluation.
 
 
 21
 The question before us is not whether Srinivasan was the most qualified candidate for a teaching position, but whether El Monte had a discriminatory motive for not hiring her. Srinivasan failed to present any evidence or affidavits to the District Court to support her contention that El Monte's actions were racially or ethnically motivated. "Mere assertions of discriminatory motive and intent, however, are inadequate" against a motion for summary judgment. Foster, 772 F.2d at 1459. Thus, we find no error in the District Court's conclusion that there was "absolutely no evidence" that El Monte's actions were a pretext for not hiring Srinivasan. (E.R.Vol. 4 at 777.)
 
 
 22
 WE AFFIRM.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The District Court initially set discovery cut off for April 1, 1992. On February 10, 1992, Srinivasan served her first request for production of documents which El Monte responded to on March 23, 1992. On June 15, 1992, the District Court granted Srinivasan's counsel permission to withdraw. Srinivasan chose to represent herself as a Plaintiff Pro Per. El Monte responded, on June 16, 1992, to Srinivasan's second set of interrogatories from May 21, 1992. On May 28, 1992, Srinivasan further requested an extension of discovery to August 1, 1992, which the District Court granted. Srinivasan did not seek any further discovery information until July 30, 1992, the final day for discovery. El Monte filed the motion for summary judgment on August 7, 1992. The District Court granted Srinivasan's motion for additional time to conduct discovery on August 11, 1992. On August 13, 1992, the District Court denied (1) Srinivasan's motion for a continuance, and (2) her motion to serve additional requests for production of documents and additional sets of interrogatories. Summary judgment was entered in favor of El Monte on September 4, 1992