15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Vathsala SRINIVASAN, Plaintiff-Appellant,
v.
ROWLAND UNIFIED SCHOOL DISTRICT, Defendant-Appellee.
 No. 93-55288.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.*
Decided Feb. 8, 1994.
 
 Before: TANG, PREGERSON, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Petitioner Vathsala Srinivasan appeals the District Court's order granting summary judgment in favor of Respondent Rowland Unified School District. Srinivasan alleges that the school district violated her rights under Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e et seq., when it terminated Srinivasan as a Mathematics teacher. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 Vathsala Srinivasan, who is of East Indian descent, holds a degree in Mathematics. On August 15, 1989, Srinivasan applied for a full-time teaching position with the Rowland Unified School District ("Rowland"). Following her interview with Mr. Tyler, the principal of Nogales High School, Srinivasan was hired by Rowland as a temporary teacher.[1] Srinivasan began work on September 11, 1989.
 
 
 4
 Srinivasan's teaching performance was plagued with problems. She frequently lost control of her students. Srinivasan made vulgar and offensive remarks to Mr. Baker, the Nogales Vice Principal, regarding her students in front of the class. Moreover, Srinivasan insulted the entire math department during a conversation with Mr. Tyler. Rowland terminated Srinivasan's employment on September 25, 1992.
 
 
 5
 Srinivasan filed employment discrimination charges with the Equal Employment Opportunity Commission (E.E.O.C.). The agency's investigation resulted in a finding of no discrimination by Rowland. Srinivasan then filed this complaint alleging, in pertinent part, that Rowland improperly fired her based on her national origin.
 
 
 6
 Rowland responded that its decision to terminate Srinivasan's employment was based on her inadequate performance, as reflected by various comments and recommendations of school administrators, including the vice principal and assistant principal of Nogales High School. Specifically, Rowland noted Srinivasan's inability to maintain control of her students and her disregard for student safety, as well as her insubordination toward Rowland's administration.
 
 
 7
 The District Court granted summary judgment in favor of Rowland on the ground that there was no evidence of any violation of Title VII because there was no evidence that the Rowland terminated Srinivasan based on a discriminatory pretext.
 
 ANALYSIS
 
 8
 We review the District Court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1993). Specifically, we must determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Myers 969 F.2d 744, 747 (9th Cir.1992).
 
 
 9
 Srinivasan contends that the District Court erred in granting summary judgment to Rowland because the District Court was uninformed of the law and failed to recognize that she had established a prima facie case of discrimination. The District Court concluded that there was no evidence of any violation of Title VII because there was no evidence that Rowland terminated Srinivasan under a discriminatory pretext. The District Court reasoned that, if Rowland was biased against Srinivasan because of her national heritage, she would not have been hired at all.
 
 
 10
 Under the burden-shifting approach we apply in Title VII actions, Srinivasan bears the initial burden of establishing a prima facie case of discrimination. Srinivasan may demonstrate this by showing that she: (1) belongs to a protected class, (2) was discharged, (3) had been performing satisfactorily, and (4) was replaced by someone in an unprotected class. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Palmer v. United States, 794 F.2d 534, 537 (9th Cir.1986). Once a prima facie case of discrimination has been established, the burden shifts to Rowland to articulate a legitimate, nondiscriminatory basis for Srinivasan's termination. Following such a showing, the burden shifts back to Srinivasan to establish that the proffered basis for the termination is in reality merely a pretext for discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. at 802; Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1436 (9th Cir.1990).
 
 
 11
 We find no error in the District Court's granting of summary judgment in favor of Rowland. Srinivasan cannot establish a prima facie case because she failed to demonstrate that she performed her duties in a satisfactory manner. Further, even if Srinivasan had established a prima facie case, we find that Rowland met its burden of demonstrating adequate nondiscriminatory reasons for terminating Srinivasan's employment. Moreover, Srinivasan presented no evidence to establish either Rowland's discriminatory motive or disproving Rowland's proffered explanation for the termination of her employment.
 
 
 12
 Srinivasan also alleges that the District Court improperly denied various motions she made concerning discovery. We review the district court's decision not to permit further discovery for an abuse of discretion. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). We will find such abuse only if the movant diligently pursued his previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment. California Union Ins. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990).
 
 
 13
 Our review of the record convinces us that the District Court carefully considered each of Srinivasan's motions concerning discovery and committed no error. The District Court extended the discovery cut off date from May 1, 1992 to August 1, 1992 at Srinivasan's request. The District Court then granted an additional extension from August 1, 1992 to October 1, 1992, and continued the Pre-Trial Conference from December 21, 1992 to February 8, 1993. In short, Srinivasan was given ample time to conduct her discovery.
 
 
 14
 Srinivasan next alleges that the District Court erred in ruling that she was not entitled to have an attorney take depositions on her behalf because she was a pro se litigant. The essential question is whether the District Court abused its discretion during the management of the discovery. We review the District Court's decision concerning discovery for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 290 (1992).
 
 
 15
 Srinivasan requested the District Court to strike Rowland's pleadings because Rowland did not appear for a noticed deposition. Rowland responded that it did not appear because the subpoena noticing the deposition was deficient. Rowland did offer, however, to allow Srinivasan to take the deposition at a later date. Srinivasan refused to proceed until she was reimbursed for her claimed expense of $900, which she said was her cost to hire an attorney to conduct the previously scheduled deposition. The District Court determined that Srinivasan, as a pro per plaintiff, was her own attorney; thus any expenses incurred were her own responsibility. Moreover, the District Court concluded that Srinivasan waived her rights to dispute Rowland's contentions because she had been given another opportunity to take the deposition but had refused. On the record before us we find that the District Court did not improperly manage the discovery process.
 
 
 16
 Finally, Srinivasan alleges that the District Court conducted itself in an appropriate manner. Specifically, she contends that the District Court engaged in disparate treatment of the parties, expressed an inappropriate demeanor from the bench and failed to properly review the documents submitted in the case. Our extensive review of the record indicates that these claims fail. At all times Srinivasan was given ample opportunity to present her arguments to the court, and the judge's conduct was professional and unbiased.
 
 
 17
 We AFFIRM.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Srinivasan was hired as a "temporary teacher" pursuant to California Education Code, Sec. 44290 and 44954. Under the code, temporary employees may be terminated at the discretion of the school district