36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BLAIR-BEY, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections; Roger
Crist, Warden; James McFadden, Warden; Lt.
Hassenzella, Defendants-Appellees.
 No. 94-15586.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 19, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Blair-Bey appeals pro se a summary judgment dismissing his 42 U.S.C. Sec. 1983 claim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm. The anal cavity search did not violate his Fourth Amendment rights, and denying his Rule 56(f) motion was not an abuse of discretion.
 
 A. Summary Judgment
 
 3
 Blair-Bey was imprisoned in the Special Caution Area (SCA) of the Special Management Unit of the Arizona Department of Corrections. SCA procedures required extensive precautions against contraband. The procedures included a visual anal cavity search as part of a strip search.[1] Blair-Bey was strip-searched in his cell before and after he visited the prison law library.
 
 
 4
 Routine visual body cavity searches do not violate the Fourth Amendment when the searches are conducted on a convicted prisoner who is administratively segregated for close supervision, the searches are of limited intrusiveness, and the searches are conducted in his cell. Rickman v. Avaniti, 854 F.2d 327, 328-29 (9th Cir.1988). A search is of limited intrusiveness if it is conducted only when the inmate leaves his cell, is visual, and involves no touching. Id.
 
 
 5
 Blair-Bey alleged that the strip-searches violated his Fourth Amendment rights. But he alleged no facts implicating the SCA officials that are beyond the limit of Rickman. Judge Broomfield did not err in granting summary judgment to the prison officials.[2]
 
 B. Rule 56(f) Motion/Discovery
 
 6
 After Judge Broomfield denied Blair-Bey's motion to compel discovery and after the discovery deadline had passed, Blair-Bey moved for an extension of time to respond to the motion for summary judgment. Fed.R.Civ.P. 56(f). The judge granted him more time to respond, but declined to extend the discovery deadline.
 
 
 7
 We review for abuse of discretion the refusal to permit further discovery under Rule 56(f). Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). There was no abuse. Blair-Bey had to show how the information he sought would preclude summary judgment. California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990). But he had no discovery pending and did not allege how further discovery would uncover a genuine issue of material fact.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Internal Management Procedure No. 614 provided, in part: "Inmate strip searches shall be conducted as follows: The inmate shall .. [r]aise scrotum, turn around and expose anus by spreading legs, bending over, and opening cheeks of buttocks with hands." ER 37 at 3-4
 
 
 [2]
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We view the evidence in the light most favorable to Blair-Bey and decide if any genuine issue of material fact exists and if the judge correctly applied the substantive law. Id