98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommy MARTIN, Jr., Plaintiff-Appellant,
v.
Wade CASSELL, Inmate Systems Supervisor; Joel Hoffman;
Edmon Arsiaga, legal Technician; Augustus Faller,
Legal Technician; Michael Hammett;
Robert Brauee, Defendants-Appellees.
 No. 95-15649.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 09, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Tommy Martin, Jr., appeals pro se the district court's summary judgment in favor of defendants in his action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). He contends that defendants violated his constitutional rights by wrongfully opening incoming legal mail outside of his presence and delaying his outgoing legal mail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Martin contends that defendants violated federal prison regulations and his constitutional rights when they routinely opened his incoming legal mail outside his presence. The district court found that "on two, maybe three, occasions" Martin's incoming legal mail was "inadvertently opened by staff." Because Martin failed to show any evidence that defendants intentionally opened Martin's incoming legal mail, the district court granted judgment to defendants on this claim. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir.1989) (inadvertent opening of legal mail outside inmate's presence fails to state constitutional claim).
 
 
 4
 We reject Martin's incoming legal mail claim on different grounds. Two of the three letters at issue were from the district court and the third letter was from Senator De Concini. "Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir.1996). Assuming that Senator De Concini was not Martin's lawyer, we conclude that correspondence from the Senator was not protected by the legal mail doctrine and reject Martin's incoming legal mail claim for failure to state any constitutional claim. See id.
 
 
 5
 Martin presented no evidence that any of his outgoing legal mail was delayed or that any delay caused any actual injury to his right of access to the courts. Consequently, the district court properly granted summary judgment to defendants on this claim. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 6
 Martin sought discovery to prove that prison officials opened his incoming legal mail outside his presence and intentionally delayed his outgoing legal. Martin has not alleged that any incoming mail opened outside his presence was from his attorney or that any delay in his outgoing legal mail caused any actual injury to his right of access to the courts. Consequently, the district court did not abuse its discretion when it stayed Martin's motion for discovery pending defendants' motion for summary judgment. See Harris v. Duty Free Shoppers Limited Partnership, 940 F.2d 1272, 1276 (9th Cir.1991); Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The parties have not raised, and we do not address, whether the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3