98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie S. SIMPSON, Plaintiff-Appellant,
v.
Jerry S. STAINER; T. Zink, Associate Warden; T. Rosario,
Program Administrator, Defendants,
and
Correctional Officer Nava; R. Mendoza, Correctional
Officer, Defendants-Appellees.
 No. 95-16005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie S. Simpson appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Simpson was injured on a prison yard by inmate Gonzales who used a razor blade against him. Simpson contends defendants were deliberately indifferent to his safety because they: (1) allegedly failed to use a metal detector before releasing inmates onto the yard; and (2) should have known of Gonzales's general propensity for violence based on his prison file.
 
 
 4
 Simpson's allegations, even if true, fail to establish deliberate indifference, i.e., that any defendant knew of a substantial risk of serious harm to Simpson and disregarded it. See Farmer v. Brennan, 114 S.Ct. 1970, 1978-80 (1994); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986).
 
 
 5
 Simpson contends that summary judgment was premature because defendants failed to produce all documents from Gonzales's file. We disagree. Simpson has never alleged that any document from Gonzales's file would show that defendants knew that Gonzales posed a substantial risk of serious harm to Simpson. See Harris v. Duty-Free Shoppers Limited Partnership, 940 F.2d 1272, 1276 (9th Cir.1991) (party must show that discovery sought would raise material issue precluding summary judgment); Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986) (same).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The parties have not raised, and we do not address, the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3