108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William B. GOLDEN, Plaintiff-Appellant,
v.
MASTERS, MATES & PILOTS HEALTH AND BENEFIT PLAN, Defendant-Appellee.
 No. 96-15578.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided March 17, 1997.
 
 Before: GOODWIN, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William B. Golden appeals a summary judgment in favor of the Masters, Mates & Pilots Health & Benefit Plan (the "Plan"). We affirm.
 
 I. Standard of Review
 
 3
 The district court correctly held that the benefit plan confers sufficient discretionary authority upon the Trustees. Both Article V, section 6 of the Agreement and Declaration of Trust Establishing the M.M. & P. Health & Benefit Plan and Article VII, section 2 of the M.M. & P. Health & Benefit Plan Rules and Regulations clearly confer discretionary authority upon the Trustees to determine eligibility for benefits and to construe the terms of the plan. See Atwood v. Newmont Gold Co., 45 F.3d 1317, 1321 (9th Cir.1995). Therefore, we review the Trustees denial of benefits for an abuse of discretion. Id.
 
 II. The Trustees' Decision
 
 4
 The Trustees did not abuse their discretion in denying Golden's claim for benefits. Golden argues that the Trustees abused their discretion by construing the provisions of the plan in a way that clearly conflicts with the plain language of the plan. In fact, Golden merely disagrees with the Trustees' interpretations of the terms "experimental," "valid course of medical treatment," and "established medical society," and we cannot substitute our view of the meaning of these terms for that of the Trustees. See Winters v. Costco Wholesale Corp., 49 F.3d 550, 553-54 (9th Cir.), cert. denied 116 S.Ct. 276 (1995).
 
 
 5
 The Trustees' determinations that chelation therapy is experimental, that it is not a valid course of medical treatment, and that the American College of Advancement in Medicine is not an established medical society find support in the record, are therefore not unreasonable, and are not an abuse of discretion. See Winters, 49 F.3d at 553-54; Eley v. Boeing Co., 945 F.2d 276, 279 (9th Cir.1991). Further, a reasonable interpretation by the Trustees of any one of these terms would be sufficient ground to deny coverage. We therefore hold that the Trustees did not abuse their discretion in denying Golden's claim for benefits.
 
 III. Full & Fair Review
 
 6
 Golden also fails to raise a genuine issue of material fact whether the Trustees afforded his claim a "full and fair review." 29 U.S.C. § 1133(2). The minutes of the Trustees' meeting on August 17, 1994 reflect that the Trustees considered Golden's appeal. The letter informing Golden of the Trustees' decision also states that the Trustees had considered Golden's appeal. The declaration of Pete Prevas as to the events of August 16, 1994 does not raise an issue of material fact concerning the events of August 17th.
 
 IV. Rule 56(f)
 
 7
 The district court did not err in not addressing Golden's supposed Fed.R.Civ.P. 56(f) motion. Although a formal motion under Rule 56(f) is not always necessary to raise the issue in the district court, see Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986); Program Eng'g, Inc. v. Triangle Publications, Inc., 634 F.2d 1188, 1193 (9th Cir.1980), "[r]eferences in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f)." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986); Radich v. Goode, 886 F.2d 1391, 1394 (3d Cir.1989).
 
 
 8
 In his opposition to the Plan's motion for summary judgment, Golden cites and quotes Rule 56(f), states that no discovery has taken place, and claims that he requires additional discovery. In the cases liberally construing Rule 56(f), the party opposing Rule 56(f) has filed documents in addition to the opposition to summary judgment. Golden did not do so. Further, the affidavits that accompany his opposition do not explain why no discovery has occurred nor do they detail the information Golden believes discovery would yield. A Rule 56(f) request requires more. See Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991); Brae, 790 F.2d at 1443. Golden did not properly raise Rule 56(f) in the district court. Accordingly, the district court did not err in failing to address Rule 56(f).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3