19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry James SEAGRAVE, Plaintiff-Appellant,
v.
Michael HENNESSEY, et al., Defendants-Appellees.
 No. 92-17121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harry J. Seagrave appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. Sec. 1983 action. Seagrave alleged violations of his constitutional rights during his incarceration in 1985 and 1986 in two jails operated by the County of San Francisco.[1] We review de novo, Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986), and we affirm.
 
 
 3
 * Medical Care
 
 
 4
 Seagrave contends that he was deprived of adequate medical care because the defendants (1) failed to treat properly his heart condition and stomach ailments, and (2) failed to provide him with reading glasses and denture adhesive. We disagree.
 
 
 5
 To support their summary judgment motion, the defendants presented an affidavit from Dr. Elizabeth Kantor, the Director of Medical Services at the San Francisco County jails. Dr. Kantor's affidavit demonstrates that prison medical personnel responded promptly to all of Seagrave's serious medical needs. Seagrave's disagreement with the defendants' decisions regarding his medical treatment does not preclude summary judgment in their favor. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (prison officials violate the Eighth Amendment only if they are deliberately indifferent to a prisoner's serious medical needs); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989) (difference of opinion between an inmate and prison medical personnel regarding appropriate medical care does not establish an Eighth Amendment violation); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (conclusory allegations unsupported by specific facts cannot defeat a properly supported motion for summary judgment).
 
 II
 Access to Law Library
 
 6
 Seagrave asserts that he was neither allowed to visit the law library nor provided access to any legal materials. To support their motion for summary judgment, the defendants submitted an affidavit from Betty Bortin, the Directing Attorney of Prisoner Legal Services at the San Francisco County jails. Bortin's affidavit described the legal materials available at each jail's library. Moreover, attached to Bortin's affidavit were copies of Seagrave's numerous requests for legal materials; these documents indicate that library staff provided Seagrave with all of the materials he sought within a reasonable period of time. In his affidavit, Seagrave merely stated that he had no access to legal materials while he was incarcerated. This bare allegation is insufficient to demonstrate that a genuine issue of material fact exists. Accordingly, the district court correctly granted summary judgment in favor of the defendants. See Bounds v. Smith, 430 U.S. 817, 828 (1977) (inmates have a right to meaningful access to the courts either through "adequate law libraries or adequate assistance from persons trained in the law").
 
 III
 Conditions of Confinement
 
 7
 Seagrave contends that the conditions at the jail violated the Eighth Amendment prohibition against cruel and unusual punishment. In his affidavit, Seagrave stated that he was "forced to sleep on the floor, without a mattress, next to broken toilets and overflowing showers ...; required to wear the same street clothes for 45 days, without a change and [had] little access to soap and razors[.]" The defendants submitted affidavits from jail personnel responsible for maintaining sanitary conditions. These affidavits state that the jails were cleaned and inspected regularly, and that inmates were given a change of clothing and bedding on a regular basis.
 
 
 8
 To prevail on a claim that the conditions of confinement violate the Eighth Amendment, a prisoner must establish both an objective and subjective component of the claim. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992). To establish the subjective component of the claim, the prisoner must demonstrate that prison officials were deliberately indifferent to the allegedly unconstitutional conditions. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). The objective component of the claim is "contextual and responsive to contemporary standards of decency." Hudson, 112 S.Ct. at 1000 (quotation omitted). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Id. Accordingly, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations omitted).
 
 
 9
 Here, Seagrave's allegations that he had little access to soap and razors do not satisfy the objective component of an Eighth Amendment claim because such deprivations are not "extreme." See Hudson, 112 S.Ct. at 1000. More troubling, however, are Seagrave's allegations that (1) he had to sleep on the floor without a mattress, and (2) he had to wear the same clothes for 45 days. We conclude that these deprivations are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. Nevertheless, Seagrave has failed to set forth specific facts that demonstrate that the defendants were deliberately indifferent to the alleged deprivation of bedding and clothing. See Wilson, 111 S.Ct. at 2326-27. For example, Seagrave does not state how long he had to sleep on the floor, nor does he state whether he ever requested bedding and clean clothing or otherwise made the defendants aware of the conditions he allegedly endured. In contrast, the defendants' affidavits demonstrate that the jails had procedures in place to maintain sanitary conditions and provide inmates with clean bedding and clothing. We conclude that Seagrave has not demonstrated that a genuine issue of material fact exists regarding the subjective component of his conditions-of-confinement claim. Accordingly, the district court correctly granted summary judgment to the defendants on this claim.[2]
 
 IV
 Discovery
 
 10
 Seagrave argues that the district court erred by ruling on the defendants' motion for summary judgment without allowing him to conduct adequate discovery. This argument fails. The record indicates that the parties were embroiled in discovery disputes for more than five years. During this period, the district court gave Seagrave several opportunities to submit interrogatories and provided him with explicit instructions as to the drafting of such interrogatories. Seagrave, however, steadfastly refused to comply with the district court's orders. Nevertheless, before the district court considered the summary judgment motion, the defendants had responded to two sets of interrogatories propounded by Seagrave. Given this record, we find no abuse of discretion in the district court's decision to prohibit further discovery. See Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991) (district court's refusal to permit further discovery reviewed for abuse of discretion; party seeking additional discovery must demonstrate the specific facts it seeks to discover).
 
 
 11
 Finally, in his brief on appeal, Seagrave asserts that, in 1986, he lost his copies of the complaints and other documents he had filed in this case. He argues that the district court erred by failing to respond to a request, which he made in March 1989, for replacement copies of these documents. We disagree. First, the district court is not obligated to replace a litigant's lost paperwork. More important, it is clear from the record that Seagrave received copies of the defendants' motion for summary judgment and supporting documents, and that he was able to respond to this motion. Accordingly, we find no error in the district court's refusal to replace the lost documents.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants remaining in this action are the City and County of San Francisco; San Francisco County Sheriff Michael Hennessey; and several doctors and nurses who provided medical services at the county jails
 
 
 [2]
 Because Seagrave has not demonstrated that any violation of his constitutional rights occurred, his claims against the City and County of San Francisco also fail. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978) (to prevail in a section 1983 action against a local government body, the plaintiff must demonstrate that his constitutional rights were violated, and that official policy or custom was responsible for the violation)