28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BRIGAERTS, Plaintiff-Appellant,
v.
Sheriff CARDOZA; San Mateo City Board of Supervisors, et
al., Defendants-Appellees.
 No. 93-15706.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 7, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Brigaerts, a California state prisoner, appeals pro se the district court's summary judgment in favor of officials of the San Mateo County Jail in his 42 U.S.C. Sec. 1983 action. Brigaerts alleged that jail officials were deliberately indifferent to his medical needs and to constitutionally inadequate conditions of confinement that prevailed while he was detained at the San Mateo County Jail.[1] He contends the district court erred by granting summary judgment because (1) material facts were in dispute, and (2) the court had not previously ruled on his requests for assistance with discovery and for further extensions of time to oppose the defendants' summary judgment motion. We have jurisdiction under 28 U.S.C. Sec. 1291. We review a grant of summary judgment de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and a refusal to permit further discovery pursuant to Fed.R.Civ.P. 56(f) for abuse of discretion, Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. FedR.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). The party opposing summary judgment must submit evidence sufficient to establish the existence of the elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. The opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 4
 To prevail on a claim that the conditions of confinement violate the Eighth Amendment, a prisoner must prove that prison officials deliberately failed to provide for or were deliberately indifferent to his basic needs for adequate food, clothing, shelter, sanitation, medical care, or personal safety. Wilson v. Seiter, 111 S.Ct. 2321, 2323, 2326-27 (1991). A prisoner seeking damages must set forth specific facts showing that each individual defendant caused a violation of the prisoner's eighth amendment rights. Leer, 844 F.2d at 633-34. To prevail on a claim of medical indifference, a prisoner must show that the denial of adequate medical care caused him harm. McGuckin, 974 F.2d at 1059-60.
 
 
 5
 Here, prison officials submitted detailed declarations by Dr. Brad Gilbert, former physician for the San Mateo County Jail, who reviewed Brigaerts' medical records, and by the jail's Facilities Services Manager, Food Services Manager, and two former Commandants of the Jail, addressing Brigaerts' allegations of substandard prison conditions and medical treatment. The district court granted Brigaerts an extension of time until October 16, 1992, to oppose the motion. In October and November of 1992, Brigaerts wrote to the court several times requesting assistance with obtaining newspaper articles concerning conditions at the San Mateo County Jail and a further extension of time to file an opposition. Brigaerts failed to file any opposition, however, and on March 19, 1993, the district court denied his requests for further extensions of time to conduct discovery and granted defendants' unopposed motion for summary judgment.
 
 
 6
 Brigaerts contends he was precluded from opposing the motion for summary judgment because prison officials restricted his access to the law library and to writing materials and because he had been unable to obtain newspaper articles he sought in discovery. His letters to the court establish, however, that he had access to writing materials at the time his opposition was due. The other difficulties he cites did not preclude him from opposing the motion with his own affidavit setting forth facts known to him personally. This he failed to do. Accordingly, the district court did not err by granting the defendants' unopposed motion for summary judgment. See Fed.R.Civ.P. 56(e); Taylor, 880 F.2d at 1043-44, 1048-49 (grant of summary judgment improper where prisoner opposed summary judgment motion by submitting his own detailed affidavit and affidavits of two inmate law clerks citing specific instances of interference with plaintiff's efforts to represent himself in his criminal trial); Leer, 844 F.2d at 634.
 
 
 7
 Because Brigaerts failed to meet his burden of showing what specific facts he hoped to discover that would raise a genuine issue precluding summary judgment, the district court did not abuse its discretion by denying a further extension of time pursuant to Fed.R.Civ.P. 56(f). See Harris, 940 F.2d at 1276 (Rule 56(f) motion must show how additional discovery would preclude summary judgment and why party cannot immediately provide specific facts demonstrating genuine issue of material fact).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We affirmed the dismissal of Brigaerts' other claims, including denial of access to justice, in a previous appeal. We vacated the dismissal of his claims for damages for deliberate indifference to medical needs and conditions of confinement and remanded to provide him with an opportunity to amend his complaint to allege harm in connection with those claims. Brigaerts v. Cardoza, No. 91-15437, unpublished memorandum decision (9th Cir. Jan. 9, 1992). On remand, Brigaerts failed to amend his complaint