34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur W. CARSON, Plaintiff-Appellant,
v.
Michael HENNESSEY, Sheriff; Robert Roper, Sergeant,
Defendants-Appellees.
 No. 94-15445.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur W. Carson, a Texas state prisoner, appeals pro se the district court's summary judgment for defendants in Carson's 42 U.S.C. Sec. 1983 action alleging that he was transferred to administrative segregation in retaliation for filing grievances regarding his access to the law library. Carson also appeals the district court's denial of his request to continue discovery. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Carson brought this civil rights action under 42 U.S.C. Sec. 1983 against three employees of the San Francisco Sheriff's Department alleging that defendants deprived him of a number of his constitutional rights while he was incarcerated in the San Francisco County Jail. On May 29, 1990, the district court dismissed Carson's claims for deprivation of property, denial of adequate exercise and retaliatory transfer. On August 18, 1992, the district court granted summary judgment for defendants on Carson's claim that he was denied access to the jail law library.
 
 
 5
 On appeal, we vacated the district court's dismissal of Carson's retaliation claim, holding that Carson's allegation that he was transferred to administrative segregation in retaliation for filing grievances regarding library access stated a cognizable section 1983 claim. We affirmed the district court's dismissal of Carson's remaining claims and affirmed the district court's summary judgment for defendants on Carson's library access claim.
 
 
 6
 On remand, the district court granted defendants' motion for summary judgment and denied Carson's request for further discovery. Carson timely appeals.
 
 II
 Merits
 A. Summary Judgment
 
 7
 We review do novo a district court's grant of summary judgment. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1313 (9th Cir.1989). Summary judgment is appropriate if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). "A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor, 880 F.2d at 1045.
 
 
 8
 Carson contends that the district court erred by granting summary judgment for defendants because there is an issue of material fact in dispute regarding whether his administrative transfer was motivated by retaliatory intent. This contention lacks merit.
 
 
 9
 Deliberate retaliation by state actors against an individual's exercise of the First Amendment is actionable under section 1983. Soranno's Gasco, 874 F.2d at 1314. To make out a prima facie claim of retaliation, the individual has the burden of showing that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the conduct of defendants. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). A prisoner claiming retaliation for the exercise of his first amendment rights must establish that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not narrowly tailored to achieve such goals. Rizzo v. Dawson, 778 F.2d 527, 532 & n. 4 (9th Cir.1985). The preservation of internal order and discipline constitutes a legitimate goal of the correctional institution. Id. at 532.
 
 
 10
 After the plaintiff has made his prima facie showing, the burden then shifts to defendants to demonstrate that they would have made the same decision even in the absence of plaintiff's constitutionally protected conduct. Soranno's Gasco, Inc., 874 F.2d at 1315.
 
 
 11
 Here, Carson alleged that defendants placed him in administrative segregation after he complained about his access to the law library.
 
 
 12
 In support of their motion for summary judgment, defendants submitted the declaration of Defendant Roper, stating that Carson was placed in administrative segregation because he posed a problem to jail security and morale. Roper asserted that Carson was "unmanageable" because he was constantly swearing and making gestures at the prison staff. Roper further asserted that Carson's behavior violated jail rules which prohibit the use of obscene or threatening language and gestures and that his conduct undermined the staff's security. Finally, Roper asserted that defendants did not retaliate against Carson and that no disciplinary proceedings were brought against Carson due to the short-term nature of Carson's reassignments.
 
 
 13
 In opposition to the defendants' summary judgment motion, Carson submitted his own affidavit asserting that after a discussion with defendants about his lack of library access, defendants became agitated and moments later transferred him to administrative segregation. Carson further stated that he was not charged with any prison rule violations and that he was initially housed with the general jail population despite conduct similar to that which defendants assert was the basis for his transfer.
 
 
 14
 Carson, however, does not deny that his conduct was hostile and disruptive or that his behavior constituted a violation of the jail's rules and undermined the staff's security. Thus, Carson has failed to establish that defendants' conduct did not advance the legitimate goal of preserving internal order and discipline. See Rizzo, 778 F.2d at 532. Accordingly, summary judgment was proper as a matter of law. See id.
 
 B. Discovery
 
 15
 Carson contends that the district court erred by denying his request for additional discovery under Fed.R.Civ.P. 56(f). This contention lacks merit.
 
 
 16
 We review a denial for further discovery under Fed.R.Civ.P. 56(f) for an abuse of discretion. Harris v. Duty Free Shoppers Ltd., 940 F.2d 1272, 1276 (9th Cir.1991). A court may grant a continuance pursuant to Rule 56(f) if the party opposing summary judgment needs additional time to discover "facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f); Harris, 940 F.2d at 1276. "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir.1990) (citations omitted), cert. denied, 498 U.S. 1088 (1991).
 
 
 17
 Carson argues that the district court erred by denying his request to continue discovery because he needed additional time to obtain an affidavit from D. Reed, a prisoner who was present during the discussion which led to Carson's transfer. Carson, however, failed to show how D. Reed's affidavit would preclude summary judgment. Accordingly, the district court did not abuse its discretion by denying Carson's request to continue discovery. See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3