53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Johnny CLARK, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General; U.S. Postal Service,
Defendants-Appellees.
 No. 93-55931.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided April 14, 1995.
 
 Before: WALLACE, Chief Judge, HUG and HAWKINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Clark appeals from the district court's summary judgment in favor of the Postmaster General (Postal Service). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291.
 
 
 2
 We review the district court's summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact for trial. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994) (Wallis ). Clark may not rely on his pleadings to defeat summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Rather, he must produce some evidence showing that there is a genuine issue of fact concerning each dispositive issue for which he will bear the burden of proof at trial. Id. We affirm.
 
 
 3
 * Clark contends that material issues of fact exist which preclude summary judgment on his claim that the Postal Service failed to accommodate his handicap reasonably. To prevail on such a claim, Clark has the burden of proving that he is an otherwise qualified handicapped individual, that accommodation is required to enable him to perform essential job functions, and that reasonable accommodation is possible. Buckingham v. United States, 998 F.2d 735, 739-40 (9th Cir.1993). The Postal Service must make reasonable accommodation to the known limitations of an otherwise qualified handicapped employee unless the agency establishes that accommodation would impose an undue hardship on the agency. Id. at 740-41.
 
 
 4
 We need not reach the issues of whether Clark is handicapped and whether reasonable accommodation was both necessary and possible. The Postal Service made a showing that a careful study indicated that the use of a pushcart on Clark's route would be dangerous and impractical, and would subject the mail to theft. Because Clark has introduced no evidence to refute the Postal Service's showing, we must conclude that the accommodation requested by Clark would have been unduly burdensome.
 
 II
 
 5
 Clark argues that material issues of fact preclude summary judgment on his claim that the Postal Service discriminated against him because he was handicapped by denying him the use of a pushcart and terminating his employment. Clark can establish a prima facie case of discrimination under the Rehabilitation Act by showing that: (1) he was handicapped within the meaning of the Act, (2) he was otherwise qualified for the job, and (3) the federal employer took adverse action solely because of his handicap. Doe by Lavery v. Attorney General, 44 F.3d 715, 718 (9th Cir.1995). Clark has introduced no evidence that the Postal Service refused to allow him to use a pushcart and terminated his employment because he was handicapped. Thus, the district court properly granted summary judgment on this claim.
 
 III
 
 6
 Clark further contends that material issues of fact preclude summary judgment on his claim that he was denied a pushcart and eventually terminated in retaliation for filing claims with the EEOC. To establish a prima facie case of retaliatory discharge under Title VII, Clark must offer evidence that he engaged in a protected activity, was then subjected to an adverse employment action, and that a causal link exists between the protected activity and the adverse employment action. Wallis, 26 F.3d at 891. If Clark establishes a prima facie case of retaliatory discharge or discrimination based upon a handicap, the burden then shifts to the Postal Service to articulate a legitimate nondiscriminatory reason for its employment decision. Lowe v. City of Monrovia, 775 F.2d 998, 1007 (9th Cir.1985) (Lowe ), amended, 784 F.2d 1407 (1986); Wallis, 26 F.3d at 889. If the Postal Service does so, the burden shifts back to Clark to demonstrate that the alleged reason for the adverse employment decision is pretextual. Lowe, 775 F.2d at 1008; see also Wallis, 26 F.3d at 889.
 
 
 7
 The Postal Service's denial of Clark's request for a pushcart was based upon legitimate nondiscriminatory reasons. As discussed earlier, Clark fails to point to any evidence in the record that contradicts the Postal Service's findings that the use of a pushcart would be impracticable and would subject the mail to theft. Nor has Clark offered any evidence to contradict the Postal Service's contention that he was terminated because of his failure to cooperate. Because Clark has failed to rebut the proffered nondiscriminatory reasons for denying his request for a pushcart and terminating his employment, the district court correctly granted summary judgment on his claim that he was discriminated against and terminated in retaliation for his EEOC activity.
 
 IV
 
 8
 Clark contends that the district court erred by refusing to permit discovery before entering summary judgment. This refusal is reviewed for an abuse of discretion. Harris v. Duty Free Shoppers Ltd., 940 F.2d 1272, 1276 (9th Cir.1991). Summary judgment is ordinarily inappropriate if relevant facts remain to be discovered, "but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact." Id. Because Clark did not show any facts he hoped to discover, Clark has failed to demonstrate that the district court abused its discretion by denying discovery. See id.
 
 
 9
 Clark has also requested attorney's fees and costs, but is ineligible for such an award because he is not a prevailing party. See 42 U.S.C. Sec. 2000e-5(k).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4