83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Bernard PONDER, Plaintiff-Appellant,
v.
Dianna RODGERS; Ernest Smith, Defendants-Appellees.
 No. 94-35991.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Bernard Ponder, an Oregon state prisoner, appeals pro se the district court's (1) summary judgment in his consolidated 42 U.S.C. § 1983 actions alleging violations of his First Amendment rights; (2) dismissal of his motion for the delivery of his legal materials; and (3) failure to consider Ponder's stipulated consent to consolidation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's summary judgment de novo, Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995), and affirm.
 
 
 3
 Ponder contends that he presented an affidavit that raised a genuine issue of material fact regarding whether defendants violated his First Amendment rights by requiring him to participate in the Sexual Offenders Treatment Program, which limited his attendance at church. This contention lacks merit.
 
 
 4
 Defendants submitted affidavits stating that the limitations upon Ponder's attendance at church stemmed from his participation in the Sexual Offenders Treatment Program as a condition of his probation and were "not imposed as an attempt to unconstitutionally limit" Ponder's religious freedom. Ponder's affidavit states that his convictions were based upon contact with children who did not attend church. Ponder contends that defendants were not entitled to qualified immunity because his affidavit raised a genuine issue of material fact about whether the limitations upon his attendance at church had a legitimate penological motivation. After a de novo review, we affirm the district court's summary judgment in favor of defendants based upon qualified immunity, concluding that Ponder failed to demonstrate that defendants violated a clearly established right. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Malik v. Brown, 71 F.3d 724, 729 n. 4 (9th Cir.1995).[1]
 
 
 5
 Ponder also contends that the district court erred by dismissing as moot his motion asking the district court to order the prison to allow Ponder's wife to send him all of his legal materials. This contention lacks merit.
 
 
 6
 Ponder argued that the prison's limitations on the amount of mail he may receive has caused "a considerable amount of expense, time and undue delay in the proceeding." Ponder, however, failed to set forth in the motion specific facts about evidence which would raise a genuine issue of material fact for trial. See Fed.R.Civ.P. 56(e); Harris v. Duty Free Shoppers Ltd., 940 F.2d 1272, 1276 (9th Cir.1991). Moreover, Ponder did not ask the district court for an extension of time to file an opposition to summary judgment. Accordingly, even if we construe Ponder's motion liberally as a motion for extension of time to conduct discovery, the district court did not err by dismissing Ponder's motion when it granted summary judgment for defendants. See Harris, 940 F.2d at 1276.
 
 
 7
 Finally, Ponder contends that the district court erred by failing to consider Ponder's pleading consenting to consolidation of his two cases with the stipulation that Magistrate Judge Ashmanskas hear the case. This contention lacks merit.
 
 
 8
 Here, the district court granted defendants' unopposed motion to consolidate Ponder's two cases. Two months later, Ponder submitted a pleading entitled "Plaintiff's Consent to Consoladation [sic] with Stipulation." District courts have broad discretion to consolidate cases having common questions of law or fact. See Fed.R.Civ.P. 42(a); cf. Investors Research Co. v. United States Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir.1989). Moreover, Ponder failed to show how consolidation and assignment of District Judge Hogan to the case might prejudice him. Accordingly, the district court did not abuse its discretion by failing to consider Ponder's pleading. See Fed.R.Civ.P. 42(a).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Ponder contends that the district court erred by dismissing both consolidated cases, which arose from the same transactional nucleus of facts, this contention lacks merit. Ponder's contentions regarding inadequate access to a law library and the possible bias of Judge Hogan were not raised in the district court and are waived on appeal. See Walker v. San Francisco Unified Sch. Dist., 46 F.3d 1449, 1455 (9th Cir.1995)