**HIX CORPORATION, Plaintiff,**

v.

**NATIONAL SCREEN PRINTING EQUIPMENT INC., Ben Swigart, and John Doe, Defendants.**

**Civil Action No. 00–2111–KHV.**

United States District Court, D. Kansas.

Aug. 1, 2000.

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, for Plaintiff.

Jeffrey J. Simon, Christopher P. Gramling, Blackwell Sanders Peper Martin LLP, Kansas City, KS, Richard F. Modin, Dougherty, Modin & Holloway, Kansas City, KS, Leonard R. Frischer, Bradley S. Russell, Frischer & Russell, Chtd., Overland Park, KS, Matthew J. Thiesing, McAnay, Van Cleave & Phillips, P.A., Lenexa, KS, for Defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Hix Corporation filed suit against National Screen Printing Equipment, Inc., Ben Swigart and John Doe, alleging that they unlawfully procured and used Hix trade secrets in the manufacture of a mug press machine. This matter is before the Court on *Defendants National And Swigart's Motion To Dismiss For Failure To State A Claim And For Lack Of Subject Matter Jurisdiction* (Doc. #19) filed April 6, 2000. For reasons stated below, defendants' motion is sustained in part and overruled in part.

### Standards For Motion To Dismiss For Failure To State A Claim

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers., Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. *See Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). The issue in reviewing the sufficiency of plaintiff's complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support its claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

### Factual Background

The following is a summary of the factual allegations of plaintiff's amended complaint.[1]

Hix Corporation (Hix) and National Screen Printing Equipment, Inc. (National) compete in the market for heat transfer and screen printing equipment. Both corporations are based in Pittsburg, Kansas and attend similar trade shows. Hix developed a mug press by which virtually any graphic or printable material can be applied by heat to a coffee mug. It spent approximately $200,000.00 to develop its mug press.

[1] On July 17, 2000, plaintiff filed an amended complaint. With respect to Counts II and III, the allegations of the original and amended complaints are virtually identical. Accordingly, the Court will consider defendants' motion with respect to plaintiff's amended complaint.

At the Imprinted Sportswear Show in Long Beach, California on January 21, 22 and 23, 2000, National promoted a mug press which was nearly identical to the one which Hix marketed. On February 18, 19 and 20, National also promoted a similar mug press at the Imprinted Sportswear Show in Tampa, Florida. National has offered its mug press at a price of $649.00, which is 17 per cent less than the price at which Hix sells its mug press.

Hix alleges that National developed its mug press based on confidential information including engineering drawings which it unlawfully obtained from Hix. In particular, Hix claims that one of its employees, John Doe, conspired with National and Ben Swigart, president of National. Hix also claims that defendants bribed John Doe to obtain confidential documents from Hix.

On March 7, 2000, Hix filed suit against defendants, alleging that they violated the Copyright Act, 17 U.S.C. § 101 *et seq.*, Robinson-Patman Act, 15 U.S.C. § 13 *et seq.*, Lanham Act, 15 U.S.C. § 1051 *et seq.*, and certain state laws. National and Swigart ask the Court to dismiss the claims under the Robinson-Patman and Lanham Acts for failure to state a claim.[2]

### *Analysis*

### I. Count II - Robinson-Patman Act Claim

■ Defendants contend that the alleged bribery of plaintiff's agent is not actionable under the Robinson-Patman Act. The Robinson-Patman Act was enacted to curb tactics which large buyers and sellers used to evade the price discrimination restrictions of the Clayton Act. *See Stephen Jay Photography, Ltd. v. Olan Mills, Inc.*, 903 F.2d 988, 991 (4th Cir.1990). Section 2(c) of the Robinson-Patman Act provides:

It shall be unlawful for any person engaged in commerce, in the course of such commerce, to pay or grant, or to receive or accept, anything of value as a commission, brokerage, or other compensation, or any allowance or discount in lieu thereof, except for services rendered in connection with the sale or purchase of goods, wares, or merchandise, either to the other party to such transaction or to an agent, representative, or other intermediary therein where such intermediary is acting in fact for or in behalf, or is subject to the direct or indirect control, of any party to such transaction other than the person by whom such compensation is so granted or paid.

15 U.S.C. § 13(c). Section 2(c) primarily targets "dummy brokerages." A dummy broker is a fiction, set up by the buyer, that renders no services and yet collects a "brokerage" fee from the seller. The fictitious broker then pays the fee to its employer, the buyer. *See Bridges v. Mac-Lean-Stevens Studios, Inc.*, 201 F.3d 6, 10 (1st Cir.2000) (citing *F.T.C. v. Henry Broch & Co.*, 363 U.S. 166, 168, 80 S.Ct. 1158, 4 L.Ed.2d 1124 (1960)). Although dummy brokers are the primary targets of section 2(c), Congress phrased section 2(c) broadly to cover "all [] means by which brokerage [can] be used to effect price discrimination." *See id.* at 169, 80 S.Ct. 1158.

In dicta, the Supreme Court has recognized that practices such as the bribing of a seller's broker by a buyer may be prohibited by section 2(c). *See Broch,* 363 U.S. at 169–70 n. 6, 80 S.Ct. 1158. Accordingly, several courts have held that commercial bribery is within the scope of the act. *See Harris v. Duty Free Shoppers Ltd. Partnership,* 940 F.2d 1272, 1274 (9th Cir. 1991); *Environmental Tectonics v. W.S. Kirkpatrick, Inc.,* 847 F.2d 1052, 1066 (3d Cir.1988), *aff'd,* 493 U.S. 400, 110 S.Ct. 701,

---

**2.** Defendants withdrew their request to dismiss plaintiff's copyright infringement claim. *See Reply Brief in Support Of Defendants' Mo-* *tion To Dismiss* (Doc. #46) filed May 15, 2000 at 7.

107 L.Ed.2d 816 (1990); *Grace v. E.J. Kozin Co.,* 538 F.2d 170, 173 (7th Cir.1976). The common thread of the commercial bribery cases is "the passing of illegal payments from seller to buyer or vice versa." *Seaboard Supply Co. v. Congoleum Corp.,* 770 F.2d 367, 372 (3d Cir.1985). In other words, courts restrict the scope of section 2(c) to situations where payments cross the seller-buyer line. *See Bridges,* 201 F.3d at 11 (citing *Rangen, Inc. v. Sterling Nelson & Sons, Inc.,* 351 F.2d 851, 862 (9th Cir.1965), *cert. denied,* 383 U.S. 936, 86 S.Ct. 1067, 15 L.Ed.2d 853 (1966)); *Stephen Jay Photography,* 903 F.2d at 992; *Seaboard Supply Co.,* 770 F.2d at 372. Moreover, the purpose of the illegal payments must be to effect price discrimination. *See, e.g., Broch,* 363 U.S. at 169, 80 S.Ct. 1158 (covers all means used to effect price discrimination); *Stephen Jay Photography,* 903 F.2d at 992 (same); *see also* 15 U.S.C. § 13(c) (payments for services rendered in connection with sale of goods are not prohibited).

■ Here, defendants' alleged payment to plaintiff's agent was not intended to effect price discrimination or otherwise influence the behavior of Hix in a future sales transaction with National. The payment did not cross the buyer-seller line because other than the purchase of confidential documents, neither Hix nor National were buyers or sellers of goods or services within the meaning of the statute. The Court rejects plaintiff's novel argument that the payment crossed the buyer-seller line because National and Swigart (the buyers) purchased the mug press plans from plaintiff (the seller) through plaintiff's agent John Doe. Under plaintiff's theory, nearly every illegal purchase of property would fall within the ambit of the Robinson-Patman Act. In addition, section 2(c) prohibits the payment of compensation "except for services rendered in connection with the sale or purchase of goods, wares, or merchandise." Any alleged payment by National and Swigart to plaintiff's agent was for services, *i.e.* the theft and delivery, rendered in connection with the sale of the mug press plans. Although other laws certainly address the alleged theft and sale of proprietary plans to a competitor, section 2(c) of the Robinson-Patman Act is not implicated in these circumstances.

Plaintiff points out that the Tenth Circuit has not adopted the requirement that a payment must cross the buyer-seller line. Several courts, however, have adopted the requirement, *see supra,* and plaintiff has not presented any reason why the Tenth Circuit would reject the requirement or cited any authority which has specifically rejected it.

Plaintiff also argues that any conduct which corrupts the principal-agent relationship is sufficient to state a claim under the Robinson-Patman Act. The cases enunciating such a principle, however, involve payments to an agent in an attempt to influence a purchasing or sales decision (or indirect price discrimination). *See Grace,* 538 F.2d at 172-74 (payments to plaintiff's sales manager to induce plaintiff to pay unreasonably high prices for seafood products); *Rangen,* 351 F.2d at 857 (payments to agent of state so that agent would influence purchasing decision by state). As explained above, National and Swigart did not pay plaintiff's agent in an effort to influence a future purchasing or sales decision of Hix. Rather, the payment was consideration for the theft and delivery of confidential documents of plaintiff.

For these reasons, Count II of plaintiff's amended complaint is dismissed for failure to state a claim.

## II. Count III - Lanham Act Claim

■ Defendants also contend that plaintiff has not stated a claim under the Lanham Act. The Lanham Act prohibits any person from using, in connection with any goods, any false designation of origin which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to

the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1). The statute primarily addresses attempts by a competitor to pass off its goods or services for the goods or services of another. The statute also addresses "reverse passing off," *e.g.*, when one party obtains a second party's goods and removes the second party's name, and then attempts to market the product under its own name. *See Summit Machine Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1436 (9th Cir.1993). "A defendant may also be guilty of reverse [passing] off by selling or offering for sale another's product that has been modified slightly and then labeled with a different name." *Id.* (quoting *Roho, Inc. v. Marquis*, 902 F.2d 356, 359 (5th Cir.1990)).

██ Defendants first argue that plaintiff cannot state a claim for reverse passing off because National has not sold or manufactured a mug press. In the complaint, plaintiff alleges that defendants have marketed a copy of the Hix mug press at trade shows in California and Florida. *See Amended Complaint* ¶ 43. If the Court assumes the truth of plaintiff's factual allegations, as it must on a motion to dismiss, defendants may be liable for reverse passing off by "offering for sale" a slightly modified version of plaintiff's mug press. *See Summit*, 7 F.3d at 1436.

Next, defendants argue that plaintiff cannot state a claim because the alleged infringing mug press has not "enter[ed] into commerce," as required by statute. 15 U.S.C. § 1125(a). Plaintiff alleges that defendants have conspired to sell and transport copies of the Hix mug press in interstate commerce, *see Amended Complaint* ¶ 30, and that they transported the mug press to California and Florida for the purpose of promoting the mug press at trade shows, *see id.* ¶¶ 23, 25, 43. Such conduct is sufficient to place the mug press into commerce. *See Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1356 (11th Cir.1983) (by soliciting orders, defendant caused its boat to enter into commerce); *Matsushita Elec. Corp. of Am. v. Solar Sound Sys., Inc.*, 381 F.Supp. 64, 69 (S.D.N.Y.1974) (display of misbranded unit at trade show sufficient); *Crossbow, Inc. v. Glovemakers, Inc.*, 265 F.Supp. 202, 205 (N.D.Ill.1967) (same); *see also* 15 U.S.C. § 1127 ("use in commerce" includes placement of trademark on goods and the sale *or* transportation of such goods in commerce).

██ Finally, defendants argue that plaintiff cannot recover money damages on its Lanham Act claim because it has not alleged actual consumer confusion or deception. Plaintiff correctly notes that at this stage it is not required to show consumer confusion. In the complaint, however, plaintiff has not alleged this essential element for a claim for money damages. *See Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204-05 (7th Cir.1990); *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 525 (10th Cir.1987). Indeed plaintiff has not alleged that National has sold any mug presses. Accordingly, the Court will dismiss plaintiff's Lanham Act claim for money damages.[3]

The Court notes that plaintiff has stated a claim for injunctive relief under the Lanham Act. *See Amended Complaint* (Doc. #75) ¶ 44 (purchasers "will be deceived" into purchasing defendant's mug press with belief that source of product is defendant). Although defendants maintain that plaintiff's claim for injunctive relief is moot because National returned the confidential information, plaintiff may be able to establish that an injunction is necessary to prohibit National from using any knowledge it gained from the confidential information in the design and sale of a future mug press.

---

**3.** If defendants intentionally attempted to deceive consumers, plaintiff may be entitled to a presumption of actual confusion. *See Resource Developers, Inc. v. Statue of Liberty–Ellis Is-* *land Foundation, Inc.*, 926 F.2d 134, 140 (2d Cir.1991). Plaintiff has not specifically pled the elements of this exception or argued that it applies in this case.

**IT IS THEREFORE ORDERED** that *Defendants National And Swigart's Motion To Dismiss For Failure To State A Claim And For Lack Of Subject Matter Jurisdiction* (Doc. #19) filed April 6, 2000 be and hereby is **SUSTAINED in part** and **OVERRULED in part.** Count II of plaintiff's amended complaint is dismissed. The Court overrules defendant's motion with respect to plaintiff's claim for injunctive relief in Count III. Plaintiff's claim for money damages in Count III of its amended complaint is dismissed.